UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. MONTENEGRO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WARDEN J. SULLIVAN,<br><br>　　　　　Defendant. | Case No. 1:20-cv-00847-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF NO. 3) |

Juan M. Montenegro ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 15, 2020, Plaintiff filed motions for appointment of pro bono counsel. (ECF No. 3). Plaintiff asks for appointment of counsel because he is unable to afford counsel.[1]

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa,

---

[1] In one of his motions, Plaintiff cites to the California Rules of Court. However, Plaintiff is proceeding in federal court on a federal claim. Thus, the California Rules of Court do not apply. In his other motion, states that he is asking for counsel on appeal. However, Plaintiff filed this case on June 15, 2020, and there is no appeal pending.

1

490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claim. Moreover, while there may be some issues, it appears that Plaintiff can adequately articulate his claim.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motions for appointment of pro bono counsel are DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **June 22, 2020**                         /s/ *Erica P. Grosjean*
                                                          UNITED STATES MAGISTRATE JUDGE